UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Epson America, Inc. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> YABER TECHNOLOGIES CO., LIMITED, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 1:25-cv-10137-LTS |

## AMENDED COMPLAINT

Plaintiff Epson America, Inc. ("Epson") by and through its undersigned counsel, complains of defendant YABER TECHNOLOGIES CO., LIMITED's ("YABER" or "Defendant") conduct and alleges upon information and belief as follows:

### NATURE OF THIS ACTION

1. This is an action for unfair competition and false advertising arising under the Lanham Act, 15 U.S.C. § 1051, et seq. and violations of Massachusetts General Laws Chapter 93A. YABER's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Epson.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

3. YABER is subject to personal jurisdiction in this forum because it misrepresented the nature of products to residents of the Commonwealth of Massachusetts and this District; because YABER has caused injury to Epson's trademarks in the Commonwealth of Massachusetts

and this District; because YABER practices the unlawful conduct complained of herein, in part, within the Commonwealth of Massachusetts and this District; because YABER regularly conducts or solicits business within the Commonwealth of Massachusetts and this District; because YABER regularly and systematically directs electronic activity into the Commonwealth of Massachusetts and this District with the manifest intent of engaging in business within the Commonwealth of Massachusetts and this District, including the sale and/or offer for sale of products to Internet users within the Commonwealth of Massachusetts and this District, as well as, upon information and belief, entry into contracts with residents of the Commonwealth of Massachusetts and this District through the sale of items through various online retail platforms.

4. Similarly, venue is proper in this judicial district under 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff Epson America, Inc. is a California corporation having its principal place of business in Los Alamitos, California. It is a principal subsidiary of Seiko Epson Corporation, a Japanese corporation headquartered in Suwa, Nagano. Epson is a leading manufacturer in the printer, professional imaging, projector, scanner, systems devices, and factory automation categories. Epson has been a leading innovator in its field since it was founded in 1942.

6. Defendant YABER is a corporation of uncertain origin. It sells, *inter alia*, projector products in the United States, including in Massachusetts, through online platforms such as amazon.com and its own website, yaber.com.

7. This action seeks redress for Defendant's deliberate and unlawful misleading representations regarding the light output of its projectors. Specifically, Defendant uses false claims regarding the light output of its projectors in its product descriptions and advertising.

## FACTS

### A. Portable Consumer Projectors

8.  While traditionally associated with movie theaters, projectors have become an increasingly common video display product for consumers used in home, business, and educational settings.

9.  Today, consumers use digital projectors in the same way as television or computer screens. Digital projectors receive video signals from external devices, such as computers, streaming devices, and cable boxes, and "project" those signals onto a screen.

10. Consumers can purchase projectors in a variety of sizes ranging from the size of a cell phone to larger, permanently mounted projectors for home theaters.

11. Within a particular projector category, such as portable consumer projectors, the quality and corresponding price of a specific projector is largely determined by its resolution and light output.

12. As the name suggests, a projector uses light to "project" an image or moving images onto a large screen or surface.

13. The light projected by a projector onto a screen is referred to as the projector's light output. Light output is measured and described in lumens. The higher the lumen rating, the brighter the projector, and all else being equal, the more it will likely cost.

### B. Epson Projectors

14. Epson is recognized throughout the world and the United States as a leading projector manufacturer.

15. Epson continues to set standards for image quality, performance, and innovation with its line of multimedia projectors. Epson's commitment to delivering quality products is recognized by the industry through various product awards and industry recognition.

16. Epson prides itself on achieving the highest customer satisfaction ratings, accomplished in large part by using the most precise testing equipment and procedures available.

C. **Defendant's False Advertising of its Projectors**

17. Defendant is a direct competitor of Epson in the portable consumer projector market. Defendant sells projectors to consumers throughout the United States via various online commerce sites including, but not limited to, amazon.com and yaber.com.

18. Defendant sells its projectors under various models including, but not limited to, the following: YABER E1 (ASIN B0C9CKFXJV), YABER K3 (ASIN B0DBLBW268), YABER L2s (ASIN B0DFLRZBH4), YABER V12 (B0CSDB2ZFS), and YABER T2 (ASIN B0D69M55YM).

19. On amazon.com, the YABER E1 projector is advertised with a brightness of 18,000 lumen.





20. On amazon.com, the YABER K3 projector is advertised with a brightness of 1,600 lumen.



21. On yaber.com, the YABER K3 projector is also advertised with a brightness of 1600 lumens.



22. On amazon.com, the YABER L2s projector is advertised with a brightness of 700 lumen.





23. On yaber.com, the YABER L2s projector is also advertised with a brightness of 700 lumens.



24. On amazon.com, the YABER V12 projector is advertised with a brightness of 800 lumens.

7





25. On amazon.com, the YABER T2 projector is advertised with a brightness of 450 lumens.





26. On yaber.com, the YABER T2 projector is also advertised with a brightness of 450 lumens.



27. As shown above, the above brightness value is prominently displayed in both the projectors' listing page titles as well as throughout the projectors' listing pages.

28. To be clear, it is YABER that creates the pages found on amazon.com. It is YABER and not the retailer that inputs the product specification into these pages. It is YABER, not the retailer, that is placing the false product specifications into the stream of commerce.

29. Throughout the product pages, Defendant touts the brightness performance of its projector in both the projectors' listing page titles and throughout the projectors' listing pages.

30. Defendant displays its brightness claim, recognizing the importance of brightness to a consumer. Indeed, brightness is the top specification used by a consumer when purchasing a projector.

31. Recognizing the importance of brightness and in order to gain traction in the United

States projector marketplace, YABER inflates the brightness specification of its projectors, including YABER E1, YABER K3, YABER L2s, YABER V12, and YABER T2, in its online advertisements knowing that improperly enhancing the brightness specification will result in artificially higher sales of the falsely advertised projectors.

32. Epson hired an independent third-party lab to test the brightness of the YABER E1 projector.

33. The independent third-party lab determined the brightness of the YABER E1 to be 140 lumens – which is less than 0.8% of the 18,000 lumen value advertised by YABER.

34. Epson also hired an independent third-party lab to test the brightness of the YABER K3 projector.

35. The independent third-party lab determined the brightness of the YABER K3 to be 990 lumens – which is significantly less than the 1,600 lumen value advertised by YABER.

36. Epson also hired an independent third-party lab to test the brightness of the YABER L2s projector.

37. The independent third-party lab determined the brightness of the YABER L2s to be 430 lumens – which is significantly less than the 700 lumen value advertised by YABER.

38. Epson also hired an independent third-party lab to test the brightness of the YABER V12 projector.

39. The independent third-party lab determined the brightness of the YABER V12 to be 400 lumens – which is significantly less than the 800 lumen value advertised by YABER.

40. Epson also hired an independent third-party lab to test the brightness of the YABER T2 projector.

41. The independent third-party lab determined the brightness of the YABER T2 to be

290 lumens – which is significantly less than the 450 lumen value advertised by YABER.

42.     As shown by the independent third-party testing, YABER is significantly misrepresenting the light output of its projectors to consumers which causes confusion in the marketplace.

43.     As a result of the above, purchasers of any of YABER's projectors are likely to be, and have actually been, misled by YABER's literally false product labeling, descriptions, and advertisements.

44.     For example, approximately within the past year, two customers left reviews on amazon.com about their poor experiences with YABER's projectors:





45.     Upon information and belief, given their importance, YABER has used the false brightness specifications to entice consumers to purchase their projectors based upon these specifications and claims.

46.     Consumers expect the represented product specifications to be accurate for YABER's projectors, as they base their purchasing decisions in large part on these representations. In fact, consumers that purchase Defendant's projectors receive projectors with drastically lower

12

brightness performance outputs.

47. YABER's literally false and misleading product labeling, descriptions, and advertisements are damaging to Epson and are also damaging to the consuming public. These false and misleading representations are designed to entice consumers to purchase Defendant's products over Epson's products.

48. The natural, probable, and foreseeable result of YABER's wrongful conduct has been to cause confusion, deception, and mistake in the consumer projector market as a whole, to deprive Epson of business and goodwill, to injure Epson's relationship with existing and prospective customers, and to divert sales of Epson projectors.

49. By means of example, after having a poor experience with YABER's projector with an improperly inflated lumen value of "18000 lumens," the consuming public is less likely to purchase a projector with an actual rating of 18,000 lumens as consumers will be unaware that YABER's "18000 lumens" projector is representative of the performance of a 140-lumen projector rather than a true 18,000 lumen projector. This causes irreparable harm to Epson as well as to the entire portable projector marketplace, potentially causing consumers to purchase, *inter alia*, flat screen televisions rather than projectors.

50. Epson is informed and believes that YABER's wrongful conduct has resulted in increased sales and market share of YABER's projectors while hindering the sales and market share of Epson's projectors and damaging Epson's goodwill.

51. Epson has sustained and will continue to sustain irreparable damages as a result of YABER's wrongful conduct, unless enjoined.

## COUNT I
## False Advertising / Unfair Competition - Lanham Act

52. Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

53. Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding its products. These advertisements contain actual misstatements and/or misleading statements regarding the light outputs of its projectors - attributes important to a consumer's purchasing decision. These product performance attributes actually deceive, or have a tendency to deceive, a substantial segment of Epson's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Epson's customers.

54. Defendant's false and misleading advertisements constitute unfair competition and injure both consumers and Epson.

55. Defendant's false and misleading advertisements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

56. Defendant, as described more fully above, has caused, and will continue to cause, immediate and irreparable injury to Epson for which there is no adequate remedy at law. As such, Epson is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendant, its distributors, retailers, agents, employees, representatives, and all persons acting in concert with them, from engaging in further acts of false advertising, and ordering removal of all Defendant's false advertisements.

57. Defendant's actions are willful and done solely to improperly gain market share.

58. Pursuant to 15 U.S.C. § 1117, Epson is entitled to recover from Defendant the damages sustained by Epson as a result of YABER's acts in violation of Section 43 of the Lanham Act.

59. Pursuant to 15 U.S.C. § 1117, Epson is also entitled to recover from Defendant the gains, profits, and advantages that it has obtained as a result of its unlawful acts. Epson is presently unable to ascertain the full amount of the gains, profits, and advantages Defendant has obtained by reason of its unlawful acts.

60. Pursuant to 15 U.S.C. § 1117, Epson is further entitled to recover the costs of this action. Moreover, Epson is informed and believes that Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Epson to recover additional damages and reasonable attorneys' fees.

## COUNT II
### Violation of G.L. c. 93A

61. Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

62. G.L. c. 93A prohibits any unlawful, unfair, or deceptive business act or practice.

63. YABER's acts, omissions, misrepresentations, and/or practices constitute unlawful, unfair, and/or deceptive business acts and practices within the meaning of G.L. c. 93A.

64. YABER's misconduct has a tendency and likelihood to deceive members of the public.

65. The foregoing acts and practices have caused substantial harm to Epson.

66. As a direct and proximate cause of the unlawful, unfair, and deceptive acts and practices of YABER, Epson has lost money and suffered injury in fact and damage in the form of lost sales revenue, fees, and other costs.

67. YABER's conduct constitutes fraud, suppression and/or concealment, and misrepresentation of material facts known to it, with the intent of inducing reliance and thereby depriving Epson of property and/or legal rights or otherwise causing injury.

## RELIEF REQUESTED

WHEREFORE, Epson respectfully requests that this Court:

1. For temporary, preliminary, and permanent injunctive relief prohibiting YABER, its distributors, retailers, agents, or anyone working for, in concert with, or on behalf of YABER to sell its falsely advertised products, from engaging in false or misleading advertising with respect to its projector products, and/or violating Section 43 of the Lanham Act, 15 U.S.C. § 1125(a), which relief includes but is not limited to removal of all YABER's products from online commerce sites, such as, but not limited to, amazon.com, until such a time as YABER can correct its false or misleading advertisements;

2. For an order requiring YABER to correct any erroneous impression consumers may have derived concerning the nature, characteristics, or qualities of YABER's projectors, including without limitation, the placement of corrective advertising and providing written notice to the public and its prior customers of the correct brightness;

3. That YABER be adjudged to have violated 15 U.S.C. § 1125(a) and G.L. c. 93A by unfairly competing against Epson by using false, deceptive or misleading statements of fact that misrepresent the nature, quality, and characteristics of Defendant's projectors;

4. That Epson be awarded damages it has sustained in consequence of Defendant's conduct including, but not limited to, its loss of market share;

5. That Epson be awarded Defendant's profits obtained by Defendant as a consequence of its conduct;

16

6. That such damages and profits be trebled and awarded to Epson as a result of Defendant's willful, intentional, and deliberate acts in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a);

7. That Epson be awarded exemplary and punitive damages;

8. That Epson recover its costs and reasonable attorneys' fees;

9. That all of Defendant's misleading and deceptive materials and products be destroyed as allowed under 15 U.S.C. § 1118;

10. That Epson be granted prejudgment and post judgment interest; and

11. That Epson be awarded such further relief as the Court deems just and proper.

## JURY TRIAL CLAIM

Epson claims a trial by jury on all issues so triable.

Dated: May 28, 2025

Respectfully submitted,

*/s/ Morgan T. Nickerson*
Morgan T. Nickerson (BBO #667290)
morgan.nickerson@klgates.com
Sally P. Langan (BBO #713323)
sally.langan@klgates.com
K&L Gates LLP
1 Congress Street
Suite 2900
Boston, MA 02114
(617) 261-3100
(617) 261-3175

*Attorneys for Epson America, Inc.*