# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Epson America, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:25-cv-10137 |
| | ) | |
| v. | ) | |
| | ) | |
| YABER TECHNOLOGIES CO., LIMITED, | ) | **ANSWER TO AMENDED** |
| | ) | **COMPLAINT** |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Defendant Yaber Technologies Co., Limited ("YABER") hereby submits its Answer to Plaintiff Epson America, Inc.'s ("Epson") Complaint. Aany and all allegations contained in Plaintiff's Complaint not admitted in this Answer are denied.

In several paragraphs of the Complaint, Plaintiff cites to various documents which allegedly support its allegations. YABER takes no position as to whether those citations are accurate. To the extent a response to the citations is required, they are denied. YABER reserves the right to raise additional defenses based on further discovery and subsequent factual developments in this case.

## GENERAL DENIAL

YABER denies all allegations in Epson's Complaint except for those specifically admitted below. With respect to the allegations made in the Complaint, upon knowledge with respect to YABER's own acts, and on information and belief as to other matters, YABER responds and alleges as follows:

## ANSWER

### NATURE OF THIS ACTION

1.    This is an action for unfair competition and false advertising arising under the

1

Lanham Act, 15 U.S.C. § 1051, et seq. and violations of Massachusetts General Laws Chapter 93A. YABER's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Epson.

**ANSWER:**

YABER admits that the Complaint purports to be an action for unfair competition and false advertising arising under the Lanham Act, 15 U.S.C. § 1051, et seq. and violations of Massachusetts General Laws Chapter 93A. YABER specifically denies that it's conduct has produced or will continue to produce a likelihood of consumer confusion and deception, to the irreparable injury of Epson.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States.

**ANSWER:**

YABER admits that this Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). YABER lacks information sufficient to form a belief as to the remaining allegations of this paragraph and therefore denies them.

3.      YABER is subject to personal jurisdiction in this forum because it misrepresented the nature of products to residents of the Commonwealth of Massachusetts and this District; because YABER has caused injury to Epson's trademarks in the Commonwealth of Massachusetts and this District; because YABER practices the unlawful conduct complained of herein, in part, within the Commonwealth of Massachusetts and this District; because YABER regularly conducts or solicits business within the Commonwealth of Massachusetts and this District; because YABER regularly and systematically directs electronic activity into the Commonwealth of Massachusetts and this District with the manifest intent of engaging in business within the Commonwealth of Massachusetts and this District, including the

sale and/or offer for sale of products to Internet users within the Commonwealth of Massachusetts and this District, as well as, upon information and belief, entry into contracts with residents of the Commonwealth of Massachusetts and this District through the sale of items through various online retail platforms.

**ANSWER:**

Denied.

4.      Similarly, venue is proper in this judicial district under 28 U.S.C. § 1391.

**ANSWER:**

Denied.

**PARTIES**

5.      Plaintiff Epson America, Inc. is a California corporation having its principal place of business in Los Alamitos, California. It is a principal subsidiary of Seiko Epson Corporation, a Japanese corporation headquartered in Suwa, Nagano. Epson is a leading manufacturer in the printer, professional imaging, projector, scanner, systems devices, and factory automation categories. Epson has been a leading innovator in its field since it was founded in 1942.

**ANSWER:**

YABER admits that Epson America, Inc. is a California corporation having its principal place of business in Los Alamitos, California and that it is a principal subsidiary of Seiko Epson Corporation, a Japanese corporation headquartered in Suwa, Nagano. YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.

6.      Defendant YABER is a corporation of uncertain origin. It sells, inter alia, projector products in the United States, including in Massachusetts, through online platforms such as amazon.com and its own website, yaber.com.

**ANSWER:**

YABER admits that it is a limited company registered in China. YABER admits that it sells

projector products through online amazon.com and yaber.com. YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.

7.     This action seeks redress for Defendant's deliberate and unlawful misleading representations regarding the light output of its projectors. Specifically, Defendant uses false claims regarding the light output of its projectors in its product descriptions and advertising.

**ANSWER:**

YABER admits that this action purports to seek redress for YABER's allegedly deliberate and unlawful misleading representations regarding the light output of its projectors. YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.

## **FACTS**

### A. **Portable Consumer Projectors**

8.     While traditionally associated with movie theaters, projectors have become an increasingly common video display product for consumers used in home, business, and educational settings.

**ANSWER:**

YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.

9.     Today, consumers use digital projectors in the same way as television or computer screens. Digital projectors receive video signals from external devices, such as computers, streaming devices, and cable boxes, and "project" those signals onto a screen.

**ANSWER:**

YABER admits that digital projectors receive video signals from external devices, such as computers, streaming devices, and cable boxes, and "project" those signals onto a screen. YABER

lacks information sufficient to support a belief as to the remaining allegations of this paragraph and therefore denies the same.

10.     Consumers can purchase projectors in a variety of sizes ranging from the size of a cell phone to larger, permanently mounted projectors for home theaters.

**ANSWER:**

YABER admits that consumers can purchase projectors in a variety of sizes. YABER lacks information sufficient to support a belief as to the remaining allegations of this paragraph and therefore denies the same.

11.     Within a particular projector category, such as portable consumer projectors, the quality and corresponding price of a specific projector is largely determined by its resolution and light output.

**ANSWER:**

YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.

12.     As the name suggests, a projector uses light to "project" an image or moving images onto a large screen or surface.

**ANSWER:**

YABER admits that a projector uses light to "project" an image or moving images onto a large screen or surface.

13.     The light projected by a projector onto a screen is referred to as the projector's light output. Light output is measured and described in lumens. The higher the lumen rating, the brighter the projector, and all else being equal, the more it will likely cost.

**ANSWER:**

YABER admits that light output can be measured in lumens. YABER lacks information

sufficient to support a belief as to the remaining allegations of this paragraph and therefore denies the same.

**B. <u>Epson Projectors</u>**

14.     Epson is recognized throughout the world and the United States as a leading projector manufacturer.

**ANSWER:**

YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.

15.     Epson continues to set standards for image quality, performance, and innovation with its line of multimedia projectors. Epson's commitment to delivering quality products is recognized by the industry through various product awards and industry recognition.

**ANSWER:**

YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.

16.     Epson prides itself on achieving the highest customer satisfaction ratings, accomplished in large part by using the most precise testing equipment and procedures available.

**ANSWER:**

YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.

**C. <u>Defendant's False Advertising of its Projectors</u>**

17.     Defendant is a direct competitor of Epson in the portable consumer projector market. Defendant sells projectors to consumers throughout the United States via various online commerce sites including, but not limited to, amazon.com and yaber.com.

**ANSWER:**

YABER denies that it is a direct competitor of Epson in the portable consumer projector market. YABER admits that it sells projectors on amazon.com and yaber.com. YABER lacks information sufficient to support a belief as to the remaining allegations of this paragraph and therefore denies the same.

18.     Defendant sells its projectors under various models including, but not limited to, the following: YABER E1 (ASIN B0C9CKFXJV), YABER K3 (ASIN B0DBLBW268), YABER L2s (ASIN B0DFLRZBH4), YABER V12 (B0CSDB2ZFS), and YABER T2 (ASIN B0D69M55YM).

**ANSWER:**

Admitted.

19.     On amazon.com, the YABER E1 projector is advertised with a brightness of 18,000 lumen.

**ANSWER:**

Denied.

20.     On amazon.com, the YABER K3 projector is advertised with a brightness of 1,600 lumen.

**ANSWER:**

YABER admits that the YABER K3 projector is advertised on amazon.com as having a brightness of 1600 ANSI lumen.

21.     On yaber.com, the YABER K3 projector is also advertised with a brightness of 1600 lumens.

**ANSWER:**

YABER admits that the YABER K3 projector is advertised on yaber.com as having a brightness of 1600 ANSI lumen.

22.     On amazon.com, the YABER L2s projector is advertised with a brightness of 700 lumen.

**ANSWER:**

YABER admits that the YABER l2s projector is advertised on amazon.com as having a brightness of 700 ANSI lumen.

23.     On yaber.com, the YABER L2s projector is also advertised with a brightness of 700 lumens.

**ANSWER:**

YABER admits that the YABER l2s projector is advertised on yaber.com as having a brightness of 700 ANSI lumens.

24.     On amazon.com, the YABER V12 projector is advertised with a brightness of 800 lumens.

**ANSWER:**

YABER admits that the YABER V12 projector is advertised on yaber.com as having a brightness of 800 ANSI lumens.

25.     On amazon.com, the YABER T2 projector is advertised with a brightness of 450 lumens.

**ANSWER:**

YABER admits that the YABER T2 projector is advertised on amazon.com as having a brightness of 450 ANSI lumens.

26.     On yaber.com, the YABER T2 projector is also advertised with a brightness of 450 lumens.

**ANSWER:**

YABER admits that the YABER T2 projector is advertised on yaber.com as having a

brightness of 450 ANSI lumens.

27.     As shown above, the above brightness value is prominently displayed in both the projectors' listing page titles as well as throughout the projectors' listing pages.

**ANSWER:**

YABER admits that brightness value for the K3 and the l2s projectors are displayed in the product's listing page titles on amazon.com. YABER admits that brightness values for the E1, K3, and l2s projectors are included on the projectors' listing pages. YABER lacks information sufficient to support a belief as to the remaining allegations of this paragraph and therefore denies the same.

28.     To be clear, it is YABER that creates the pages found on amazon.com. It is YABER and not the retailer that inputs the product specification into these pages. It is YABER, not the retailer, that is placing the false product specifications into the stream of commerce.

**ANSWER:**

YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.

29.     Throughout the product pages, Defendant touts the brightness performance of its projector in both the projectors' listing page titles and throughout the projectors' listing pages.

**ANSWER:**

YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.

30.     Defendant displays its brightness claim, recognizing the importance of brightness to a consumer. Indeed, brightness is the top specification used by a consumer when purchasing a projector.

**ANSWER:**

YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.

31. Recognizing the importance of brightness and in order to gain traction in the United States projector marketplace, YABER inflates the brightness specification of its projectors, including YABER E1, YABER K3, and YABER L2s, in its online advertisements knowing that improperly enhancing the brightness specification will result in artificially higher sales of the falsely advertised projectors.

**ANSWER:**

YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.

32. Epson hired an independent third-party lab to test the brightness of the YABER E1 projector.

**ANSWER:**

YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.

33. The independent third-party lab determined the brightness of the YABER E1 to be 140 lumens – which is less than 0.8% of the 18,000 lumen value advertised by YABER.

**ANSWER:**

YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.

34. Epson also hired an independent third-party lab to test the brightness of the YABER K3 projector.

**ANSWER:**

YABER lacks information sufficient to support a belief as to the allegations of this paragraph

and therefore denies the same.

35.    The independent third-party lab determined the brightness of the YABER K3 to be 990 lumens – which is significantly less than the 1,600 lumen value advertised by YABER.

**ANSWER:**

YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.

36.    Epson also hired an independent third-party lab to test the brightness of the YABER L2s projector.

**ANSWER:**

YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.

37.    The independent third-party lab determined the brightness of the YABER L2s to be 430 lumens – which is significantly less than the 700 lumen value advertised by YABER.

**ANSWER:**

YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.

38.    Epson also hired an independent third-party lab to test the brightness of the YABER V12 projector.

**ANSWER:**

YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.

39.    The independent third-party lab determined the brightness of the YABER V12 to be 400 lumens – which is significantly less than the 800 lumen value advertised by YABER.

**ANSWER:**

YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.

40.     Epson also hired an independent third-party lab to test the brightness of the YABER T2 projector.

**ANSWER:**

YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.

41.     The independent third-party lab determined the brightness of the YABER T2 to be 290 lumens – which is significantly less than the 450 lumen value advertised by YABER.

**ANSWER:**

YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.

42.     As shown by the independent third-party testing, YABER is significantly misrepresenting the light output of its projectors to consumers which causes confusion in the marketplace.

**ANSWER:**

YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.

43.     As a result of the above, purchasers of any of YABER's projectors are likely to be, and have actually been, misled by YABER's literally false product labeling, descriptions, and advertisements.

**ANSWER:**

YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.

44.     For example, within the past year, two customers left reviews on amazon.com about their poor experiences with YABER's projectors:

**ANSWER:**

YABER admits that not every customer is fully satisfied with their purchase. YABER lacks information sufficient to support a belief as to the remaining allegations of this paragraph and therefore denies the same.

45.     Upon information and belief, given their importance, YABER has used the false brightness specifications to entice consumers to purchase their projectors based upon these specifications and claims.

**ANSWER:**

Denied.

46.     Consumers expect the represented product specifications to be accurate for YABER's projectors, as they base their purchasing decisions in large part on these representations. In fact, consumers that purchase Defendant's projectors receive projectors with drastically lower brightness performance outputs.

**ANSWER:**

YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies the same.

47.     YABER's literally false and misleading product labeling, descriptions, and advertisements are damaging to Epson and are also damaging to the consuming public. These false and misleading representations are designed to entice consumers to purchase Defendant's products over Epson's products.

**ANSWER:**

YABER denies that its product labeling, descriptions, and advertisements are in any way

damaging to Epson or to the consuming public. YABER lacks information sufficient to support a belief as to the remaining allegations of this paragraph and therefore denies the same.

48.     The natural, probable, and foreseeable result of YABER's wrongful conduct has been to cause confusion, deception, and mistake in the consumer projector market as a whole, to deprive Epson of business and goodwill, to injure Epson's relationship with existing and prospective customers, and to divert sales of Epson projectors.

**ANSWER:**

YABER denies that it has engaged in any wrongful conduct. YABER denies that it has caused confusion, deception, and/or mistake in the consumer projector market as a whole. YABER denies that it has deprived Epson of any business, goodwill, or that it has injured Epson's relationship with any existing or prospective customers. YABER denies that it has diverted sales of Epson projectors. YABER lacks information sufficient to support a belief as to the remaining allegations of this paragraph and therefore denies the same.

49.     By means of example, after having a poor experience with YABER's projector with an improperly inflated lumen value of "18000 lumens," the consuming public is less likely to purchase a projector with an actual rating of 18,000 lumens as consumers will be unaware that YABER's "18000 lumens" projector is representative of the performance of a 140-lumen projector rather than a true 18,000 lumen projector. This causes irreparable harm to Epson as well as to the entire portable projector marketplace, potentially causing consumers to purchase, inter alia, flat screen televisions rather than projectors.

**ANSWER:**

YABER lacks information sufficient to support a belief as to the allegations of this paragraph and therefore denies them.

50.     Epson is informed and believes that YABER's wrongful conduct has resulted in

increased sales and market share of YABER's projectors while hindering the sales and market share of Epson's projectors and damaging Epson's goodwill.

**ANSWER:**

YABER denies that it has engaged in any wrongful conduct. YABER denies that it has hindered the sales and market share of Epson's projectors or damaged Epson's goodwill. YABER lacks information sufficient to support a belief as to the remaining allegations of this paragraph and therefore denies the same.

51.     Epson has sustained and will continue to sustain irreparable damages as a result of YABER's wrongful conduct, unless enjoined.

**ANSWER:**

YABER denies that it has engaged in any wrongful conduct. YABER denies that Epson has sustained and/or will continue to sustain irreparable damages. YABER lacks information sufficient to support a belief as to the remaining allegations of this paragraph and therefore denies the same.

<u>**COUNT I**</u>

**False Advertising / Unfair Competition - Lanham Act**

52.     Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

**ANSWER:**

YABER incorporates by reference each of its responses set forth in each of the Paragraphs above, as if fully set forth herein.

53.     Defendant has made and distributed, in interstate commerce and in this District, product listings and advertisements that contain false or misleading statements of fact regarding its products. These advertisements contain actual misstatements and/or misleading statements regarding the light outputs of its projectors - attributes important to a consumer's purchasing

decision. These product performance attributes actually deceive, or have a tendency to deceive, a substantial segment of Epson's customers and potential customers. This deception is material in that it is likely to influence the purchasing decisions of Epson's customers.

**ANSWER:**

YABER denies that it has engaged in any wrongful conduct. To the extent that any YABER product listing or advertisement contains inaccurate information regarding the light output of its projectors, YABER denies that any such information was either material or important to a consumer's purchasing decision or that it had the effect of deceiving a substantial segment of Epson's customers and potential customers. YABER lacks information sufficient to support a belief as to the remaining allegations of this paragraph and therefore denies the same.

54.     Defendant's false and misleading advertisements constitute unfair competition and injure both consumers and Epson.

**ANSWER:**

Denied.

55.     Defendant's false and misleading advertisements violate Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

**ANSWER:**

Denied.

56.     Defendant, as described more fully above, has caused, and will continue to cause, immediate and irreparable injury to Epson for which there is no adequate remedy at law. As such, Epson is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendant, its distributors, retailers, agents, employees, representatives, and all persons acting in concert with them, from engaging in further acts of false advertising, and ordering removal of all Defendant's false advertisements.

**ANSWER:**

Denied. Defendant YABER is not caused and will not continue to cause any immediate and irreparable injury to Epson for which there is no adequate remedy at law. YABER denies that Epson is entitled to an injunction under 15 U.S.C. § 1116. YABER lacks information sufficient to support a belief as to the remaining allegations of this paragraph and therefore denies the same.

57.    Defendant's actions are willful and done solely to improperly gain market share.

**ANSWER:**

Denied.

58.    Pursuant to 15 U.S.C. § 1117, Epson is entitled to recover from Defendant the damages sustained by Epson as a result of YABER's acts in violation of Section 43 of the Lanham Act.

**ANSWER:**

YABER denies that it has violated Section 43 of the Lanham Act. YABER denies that Epson has sustained any damages as a result of any improper actions by YABER. YABER lacks information sufficient to support a belief as to the remaining allegations of this paragraph and therefore denies the same.

59.    Pursuant to 15 U.S.C. § 1117, Epson is also entitled to recover from Defendant the gains, profits, and advantages that it has obtained as a result of its unlawful acts. Epson is presently unable to ascertain the full amount of the gains, profits, and advantages Defendant has obtained by reason of its unlawful acts.

**ANSWER:**

YABER denies that it has engaged in unlawful acts. YABER denies that Epson is entitled to any recovery under 15 U.S.C. § 1117. YABER lacks information sufficient to support a belief as to the remaining allegations of this paragraph and therefore denies the same.

60.     Pursuant to 15 U.S.C. § 1117, Epson is further entitled to recover the costs of this action. Moreover, Epson is informed and believes that Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an exceptional case entitling Epson to recover additional damages and reasonable attorneys' fees.

**ANSWER:**

YABER denies that it has engaged in unlawful acts willfully or otherwise. YABER denies that Epson is entitled to any recovery under 15 U.S.C. § 1117. YABER lacks information sufficient to support a belief as to the remaining allegations of this paragraph and therefore denies the same.

## COUNT II

### Violation of G.L. c. 93A

61.     Epson hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

**ANSWER:**

YABER incorporates by reference each of its responses set forth in each of the Paragraphs above, as if fully set forth herein.

62.     G.L. c. 93A prohibits any unlawful, unfair, or deceptive business act or practice.

**ANSWER:**

YABER states the text of G.L. c. 93A speaks for itself.

63.     YABER's acts, omissions, misrepresentations, and/or practices constitute unlawful, unfair, and/or deceptive business acts and practices within the meaning of G.L. c. 93A.

**ANSWER:**

YABER denies that it has engaged in any activity that would constitute unlawful, unfair, and/or deceptive business acts and practices within the meaning of G.L. c. 93A.

64.     YABER's misconduct has a tendency and likelihood to deceive members of the

public.

**ANSWER:**

YABER denies that it has engaged in any misconduct. YABER lacks information sufficient to support a belief as to the remaining allegations of this paragraph and therefore denies the same.

65.     The foregoing acts and practices have caused substantial harm to Epson.

**ANSWER:**

YABER denies that it has caused substantial harm to Epson. YABER lacks information sufficient to support a belief as to the remaining allegations of this paragraph and therefore denies the same.

66.     As a direct and proximate cause of the unlawful, unfair, and deceptive acts and practices of YABER, Epson has lost money and suffered injury in fact and damage in the form of lost sales revenue, fees, and other costs.

**ANSWER:**

YABER denies that it has caused Epson to have lost money and/or suffer any injury in fact and damage in the form of lost sales revenue, fees, and other costs. YABER lacks information sufficient to support a belief as to the remaining allegations of this paragraph and therefore denies the same.

67.     YABER's conduct constitutes fraud, suppression and/or concealment, and misrepresentation of material facts known to it, with the intent of inducing reliance and thereby depriving Epson of property and/or legal rights or otherwise causing injury.

**ANSWER:**

Denied.

## <u>DENIAL OF ALL REMAINING ALLEGATIONS</u>

Except as expressly admitted herein, YABER denies all remaining allegations in Epson's Complaint.

## ANSWER TO RELIEF REQUESTED

To the extent a response is required, YABER denies that Epson is entitled to any of its requested relief. YABER specifically denies that it has violated Section 43 of the Lanham Act, 15 U.S.C. §1125(a); specifically denies that Epson is entitled to the relief requested, including but not limited to removal of all YABER's products from online commerce sites, such as, but not limited to, amazon.com; YABER specifically denies that Epson is entitled to an order requiring YABER to place corrective advertising or provide written notice to the public and its prior customers regarding the brightness of its projectors; YABER specifically denies that it has violated 15 U.S.C. § 1125(a) and G.L. c. 93A or unfairly competed with Epson; YABER specifically denies that Epson has sustained damages attributable to any action by YABER; YABER specifically denies that it has lost market share due to any activity attributable to YABER; YABER specifically denies that Epson is entitled to any award of damages; YABER specifically denies that Epson is entitled to an award of any of YABER's profits; specifically denies that Epson is entitled to attorneys' fees; and specifically denies that Epson is entitled to costs, exemplary or punitive damages, prejudgment or post judgment interest, treble damages, or any other relief in this action.

## AFFIRMATIVE DEFENSES

Subject to the responses above, and upon information and belief, YABER alleges and asserts the following affirmative defenses in response to the allegations in Epsons's Complaint. In addition to the defenses described below, subject to its responses above, YABER specifically reserves all rights to allege additional defenses that become known through the course of discovery or otherwise.

1. YABER has not engaged in the conduct alleged in the Complaint.

2. YABER is not liable to Epson because Epson and YABER are not direct competitors.

3. YABER is not liable to Epson because YABER's actions did not mislead or damage the public to the detriment of Epson.

4. The Complaint fails to state a claim upon which relief can be granted.

5. Epson is not entitled to the relief requested at least because it has suffered no irreparable injury and has adequate remedies at law.

6. If Epson is entitled to any remedy, Epson is not intitled to a finding that YABER's conduct was willful, intentional, and deliberate, entitling Epson to enhanced damages.

7. Epson's claims and requested relief are barred in whole or in part under principles of equity, including without limitation the doctrines of estoppel, laches, waiver, and unclean hands

Dated:    June 11, 2025

Respectfully submitted,
For the Defendant,
Yaber Technologies Co, Ltd.
By their Attorneys,


*/s/ Edward A. Prisby*
Edward A. Prisby, BBO#655217
Kajko, Weisman & Colasanti, LLP
430 Bedford Street
Lexington, MA 02420
781-860-9500
Eprisby@massfirm.com


**ANALECTS LEGAL LLC**
1212 S Naper Blvd.
Suite #119 – PMB 238

Naperville, IL 60540-7349

Elliot C. Mendelson, Ph.D., J.D.
(pro hac forthcoming)
Delaware Bar No. 3981
Email: emendelson@analectslegal.com
Tel: 1.312.375.7844

Yichen Cao, Ph.D., J.D.
(pro hac forthcoming)
Illinois Bar No. 6326669
Email: ycao@analectslegal.com
Tel: 1.630.386.5514

***Attorneys for YABER Technologies Co.,
Limited***