IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EPSON AMERICA, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> YABER TECHNOLOGIES CO., LIMITED, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 1:25-cv-10137-LTS |

**MOTION TO COMPEL DISCOVERY RESPONSES
AND TO DEEM REQUESTS FOR ADMISSION ADMITTED
(with Memorandum of Law Incorporated)**

Plaintiff Epson America, Inc. ("Epson") respectfully moves this Court pursuant to Federal Rules of Civil Procedure 33, 34, 36, and 37 to compel Defendant Yaber Technologies Co., Limited ("Yaber") to serve full and complete responses to Epson's First Set of Interrogatories and First Set of Requests for Production of Documents, and to deem admitted all Requests for Admission served by Epson, as permitted under Rule 36(a)(3).

**BACKGROUND**

On June 10, 2025, Epson served Yaber with its First Set of Interrogatories, First Set of Requests for Production of Documents, and First Set of Requests for Admission. Copies of these discovery requests are attached hereto as Exhibits A through C. Yaber's responses were due on or before July 10, 2025.

Yaber has failed to respond to any of the discovery requests and during the parties' meet and confer did not provide an explanation for its noncompliance or a date certain by which responses would be received. With fact discovery due to close on October 14, 2025 (ECF 18),

1

Epson was left with little choice but to raise this issue with the Court as Yaber's failure to respond hinders Epson's ability to obtain discovery and prepare its case.

## ARGUMENT

### I. Yaber Should Be Compelled to Respond to Interrogatories and Requests for Production

Yaber's failure to respond to Epson's interrogatories and requests for production violates Rules 33 and 34 of the Federal Rules of Civil Procedure. As is well-known, Rule 33(b)(2) requires that interrogatory responses be served within 30 days of service and Rule 34(b)(2)(A) imposes the same deadline for responses to document requests. As Yaber has provided no responses whatsoever, it is undisputed that Yaber is not in compliance with the applicable rules. Moreover, Yaber's counsel could not provide a firm date for compliance during the parties' meet and confer.

Accordingly, Epson seeks an order compelling Yaber to serve complete responses to its First Set of Interrogatories and First Set of Requests for Production within seven days of the Court's order with Yaber deemed to have waived any objections other than those based on privilege or work product. Moreover, Epson seeks an order compelling Yaber to turn over all responsive documents within twenty-one days of the Court's order so that Epson may begin reviewing the same in anticipation of upcoming depositions of Yaber.

### II. The Requests for Admission Should Be Deemed Admitted Under Rule 36(a)(3)

Fed. R. Civ. P. 36 allows a party to "serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1); *see also Bonomo v. Factory Ins. Co.*, No. 1:21-cv-11750-IT, 2023 WL 3934696, at *4 (D. Mass. June 9, 2023). The Rule is

"not a discovery device"; its purpose is to "reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." *In re New England Compounding Pharm., Inc. v. Prod. Liability Litig.*, MDL No. 13-2419-RWZ, 2015 WL 13715291, at *3 (D. Mass. Sept. 8, 2015). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." *Bonomo*, 2023 WL 3934696, at *4 (quoting Fed. R. Civ. P. 36(a)(3)) (deeming RFAs admitted where plaintiff failed to respond within the thirty days permitted by the rules, did not request an extension, and did not justify their delay).

Here, Yaber failed to respond to Epson's First Set of Requests for Admission, served on June 10, 2025. The 30-day response deadline has long since passed and no objections or responses were provided. As a result, under Rule 36(a)(3), all matters set forth in Epson's Requests for Admission are now conclusively deemed admitted. Moreover, a simple review of the requests shows that these are exactly the type of non-controversial factual admissions that should be deemed admitted under the rules as they largely consist of basic factual issues. Epson respectfully requests that the Court enter an order confirming that the Requests for Admission are deemed admitted.

## CONCLUSION

For the foregoing reasons, Epson respectfully requests that the Court grant its motion to compel and enter an order:

1. Compelling Yaber to serve full and complete responses, without objection (except as to privilege), to Epson's First Set of Interrogatories and First Set of Requests for Production within seven (7) days of the Court's order;

1600895192.2

2. Compelling Yaber to produce documents responsive to Epson's First Set of Requests for Production within twenty-one (21) days of the Court's order;

3. Confirming that all Requests for Admission served by Epson on June 10, 2025 are deemed admitted pursuant to Federal Rule of Civil Procedure 36(a)(3); and

4. Awarding Epson any other relief the Court deems just and equitable under the circumstances.[1]

Dated: July 22, 2025

        */s/ Morgan T. Nickerson*
        Morgan T. Nickerson (BBO #667290)
        morgan.nickerson@klgates.com
        K&L Gates LLP
        1 Congress Street
        Suite 2900
        Boston, MA 02114
        (617) 261-3100
        (617) 261-3175

**CERTIFICATE OF SERVICE AND COMPLIANCE WITH LOCAL RULES 7.1 AND 37.1**

I, Morgan T. Nickerson, hereby certify that this document filed through the ECF system will be sent via email to counsel for Yaber. Moreover, pursuant to Local Rule 37.1, counsel for Epson and Yaber conducted a telephonic conference on July 18, 2025 at 10:30am that lasted for approximately one half hour.

Dated: July 22, 2025

        */s/ Morgan T. Nickerson*
        Morgan T. Nickerson

---

[1] Though arguably entitled to an order compelling Yaber to pay Epson's reasonable costs and fees associated with this motion, Epson is not seeking said relief from the Court at this time. Epson simply wants the discovery it needs from Yaber to present its case.

1600895192.2